DAVE TOMPKINS v. THE STATE.

No. 12506. Delivered April 17, 1929.

324

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, one month in the county jail.

This appeal is based on one proposition only, viz: that the court should have given a charge presenting the defensive theory affirmatively, that one Teal and not appellant had the pistol on the occasion in question. The court's charge was excepted to for failure to state to the jury defendant's affirmative defensive theory, and, this being a misdemeanor, a special charge was asked on this point which was refused. The case has several angles.

There was a gathering at night at the church at Melrose. Bell Ford swore positively that appellant had a pistol and drew it and fired three times. Lillie Mae Rhodes testified she saw appellant jerk Bell out of the car and pull the pistol, and that she ran. Lonnie Rhodes said he was near the car when appellant pulled Bell out of it; that he saw the fire of the pistol coming from the direction of appellant but it was so dark he could not see who shot. It was affirmed by most of the witnesses that but one pistol was used. Appellant swore that he had no pistol and that Jack Teal, a cousin of Bell Ford, opened fire on him when he pulled the girl out of his car. Appellant was himself shot through the left shoulder. Son Matthews was also shot. All the witnesses affirm that Jack Teal was present at the scene of the difficulty. Neither Son Matthews nor Teal were used as witnesses, nor was their absence accounted for. The pistol was not in evidence, nor its ownership shown. Bell Ford admitted that she had made a signed and sworn statement after appellant was indicted, affirming that Teal and not appellant had the pistol on the occasion mentioned. The court was asked to tell the jury as follows:

"Gentlemen of the Jury: You are instructed as a part of the law of this case that if you believe from the evidence that only one pistol was fired at the time that Son Matthews and defendant were shot and that said Jack Teal had and fired the pistol, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

This we believe under the facts of this case should have been given in charge. The charge of the court presented the case to the jury in the usual manner, but gave no instruction favorable to the accused, and none presenting affirmatively his defense that Teal and not he had and used the pistol. Where there is an affirmative defensive theory and the submission of same is properly requested, we have always held it erroneous for the court to refuse same.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*